# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRAD PELKOFER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:13-cv-1028-TWP-DKL |
| RAPISCAN SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

## ENTRY ON MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE

This matter is before the Court on Defendant Rapiscan Systems, Inc.'s ("Rapiscan") Motion to Dismiss two of the three causes of action within the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Filing No. 45). Additionally, Rapiscan has filed a Request for Judicial Notice (Filing No. 47). Plaintiff Brad Pelkofer ("Mr. Pelkofer") commenced this action against Rapiscan and on November 22, 2013, submitted with the Court's approval, an Amended Complaint (Filing No. 19), alleging that Rapiscan did not pay Mr. Pelkofer the correct *per diem* travel wages in violation of Indiana Code § 22-2-9-2 ("Wage Claims Act"), the federal Fair Labors Standards Act ("FLSA"), and his status as a third party beneficiary to the contract between Rapiscan and the federal government. Rapiscan argues that two of Mr. Pelkofer's claims should be dismissed because 1) he bypassed the mandatory administrative exhaustion process created by the Wage Claims Act, and 2) he has not adequately pled breach of contract under a third party beneficiary theory. For the reasons stated below, both the Motions are **GRANTED**.

## I. BACKGROUND

Mr. Pelkofer was employed by the Rapiscan from February 2010 (Filing No. 1, at ECF p. 2) until he was laid off on January 11, 2013 (Filing No. 1, at ECF p. 4). During his period of employment, Mr. Pelkofer worked as a Transportation Security Administration ("TSA") Regional Technical Specialist, and completed the tasks of both a TSA Regional Technical Specialist and a Field Service Technician for Rapiscan, who provides goods and services at airports across the country. (Filing No. 1, at ECF pp. 1-2). Mr. Pelkofer filed his initial Complaint with this Court on June 27, 2013, alleging that Rapiscan incorrectly classified him as being exempt from a federal requirement under the FLSA to pay wages at time-and-a-half for all work done in excess of 40 hours per week. (*See* Filing No. 1, at ECF p. 2). Furthermore, he alleged that, as a result, he was not paid in accordance with a federally proscribed *per diem* rate for payment of a contractor's employees who travel pursuant to a contract with the United States Government. (Filing No. 1, at ECF pp. 3-4).

The initial action asserted five claims, including (1) Unpaid Wages, (2) Conversion, (3) Equity/Unjust Enrichment, (4) Fair Labor Standards Act, and (5) Breach of Implied Contract. (*See* Filing No. 1). On August 20, 2013, Rapiscan filed its first motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and argued that the first, second, third, and fifth claims, as a mixture of state wage and common law claims, should be dismissed. (Filing No. 12-2, at ECF p. 1). On November 22, 2013, the Court granted Mr. Pelkofer leave to file an Amended Complaint, which included claims for (1) Unpaid Wages, (2) Violation of the Fair Labor Standards Act, and (3) Breach of Contract. In response, on December 9, 2013, Rapiscan filed both the Motion to Dismiss and Request for Judicial Notice presently before this Court, arguing that Mr. Pelkofer's claims for Unpaid Wages and Breach of Contract are without merit and should be dismissed.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court, though, is not required to accept the plaintiff's legal conclusions in their complaint as true. *Id.*

Moreover, the Court may take judicial notice of matters of public record without converting the motion into one for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (considering public court documents filed in earlier Indiana state case); *see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

## III. DISCUSSION

A.    **Unpaid Wages Claim**

At the outset, the Court notes that Mr. Pelkofer's first cause of action in the Amended Complaint for Unpaid Wages under the Wages Claim Act has been unaccompanied by the Act's

mandatory initial administrative complaint. The Wage Claims Act does not create an immediate private right of action; instead, it requires that a plaintiff first present his claim by way of a properly-filed administrative complaint with the Indiana Department of Labor. See *Birch v. Kim*, 977 F. Supp. 926, 934 (S.D. Ind. 1997). Mr. Pelkofer argues that filing a complaint with the Department of Labor ("DOL") would have been "impossible or fruitless and of no value under the circumstances of his case," (*see* Filing No. 50, at ECF p. 1) (quoting *M-Plan, Inc. v. Ind. Comprehensive Health Ins. Ass'n*, 809 N.E.2d 834, 840 (Ind. 2004)); however, accepting Mr. Pelkofer's self-assessments of the claim entirely disregards the exhaustion requirement.

Mr. Pelkofer has not presented, and the Court has not found, any authority in which futility was utilized to excuse the failure to exhaust under the Wage Claims Act. Further, it is not in Mr. Pelkofer's prerogative to establish the limits of his own claim. *Compare M-Plan, Inc.*, 809 N.E.2d at 840 (noting that "the exhaustion requirement . . . should not be dispensed with lightly on grounds of 'futility.'" (quoting *Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1224 (Ind. 2000))), *with* (Filing No. 50, at ECF pp. 4-6) (arguing that a facial, and individual, analysis of the DOL form for claims, as well as of the policy considerations of judicial economy justified Mr. Pelkofer's failure to submit the claim to the agency). In contrast, the legislative intent behind the Wage Claims Act is to empower the determination of a claim with the DOL, as an independent agency—and, with regards to a complainant, allow him or her to bring a claim to court after first approaching the agency. *See, e.g.*, *Quimby v. Becovic Mgmt. Grp., Inc.*, 962 N.E.2d 1199, 1200 (Ind. 2012) ("It is also well settled that an employee who has a claim under the Wage Claims Statute must first exhaust an administrative remedy with the [DOL] before filing a lawsuit.") (citing Ind. Code § 22–2–9–4); *St. Vincent Hosp. & Health Care*

*Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002) (holding claimants under IWCA must first submit claims to DOL).

Mr. Pelkofer argues in his brief that the *Walczak* court's statements regarding application of the Wage Claims Act was merely an "extraneous remark," ([Filing No. 50, at ECF p. 3](#)), however, the decision clearly affirms that the "Wage Claims Act … created an administrative process," *Walczak v. Labor Works-Ft. Wayne LLC*, 983 N.E.2d 1146, 1149 (Ind. 2013). Since Mr. Pelkofer concedes that he has not exhausted his administrative remedies with the DOL as required by the Wage Claims Act, Rapiscan's motion to dismiss the claim in Count I for unpaid wages under Indiana statute is **GRANTED**.

**B.  Breach of Contract Claim**

Mr. Pelkofer contends that the Amended Complaint adequately meets the notice pleading requirements set out by *Twombly*, such that, in taking as true the statements in the Breach of Contract cause of action, it states a plausible third-party beneficiary contract claim. (*See* [Filing No. 50, at ECF pp. 7-10](#)). However, in order to demonstrate –

> …third-party beneficiary status [under Indiana law], one must show (1) a clear intent by the actual parties to the contract to benefit the third party, (2) a duty imposed on one of the contracting parties in favor of the third party, and (3) the necessity of performance of the terms of the contract in order to render a direct benefit to that third party.

*Advanced Ground Sys. Eng'g, Inc. v. RTW Indus., Inc.*, 388 F.3d 1036, 1043 (7th Cir. 2004) (quoting *Luhnow v. Horn,* 760 N.E.2d 621, 628 (Ind. Ct. App. 2001)).

These necessary conditions regarding Mr. Pelkofer's third-party beneficiary status are absent from the Amended Complaint; accordingly, the cause of action for breach of contract cannot allege a plausible claim, despite Mr. Pelkofer's argument that such showings are easily inferred. Put simply, this Court cannot infer the necessary elements from the legal conclusions contained within the Amended Complaint. Take, for example, the conclusive statement "Plaintiff

5

was a third party beneficiary to the contract between Defendant and the federal government, and the rules and regulations implicated by said contract." ([Filing No. 19, at ECF p. 6](#)). This conclusion cannot be inferred merely from the previous allegations of Mr. Pelkofer's previous employee status, *id.*, and the recitation of the fact that "Defendant entered into a contract with the federal government to provide services." ([Filing No. 19, at ECF p. 5](#)). Likewise, the conclusion that Rapiscan and the federal government had the "contractual intent to directly benefit [Mr. Pelkofer,]" ([Filing No. 50, at ECF p. 10](#)), does not create a plausible cause of action.

Without a showing of clear intent, duty imposed, and the necessity of performance, the claim cannot be considered plausible. Mr. Pelkofer's argument that, by alluding to the terms of the contract between the federal government and Rapiscan, the Amended Complaint has created a question of fact that will survive the Rule 12(b)(6) motion, is likewise unconvincing. Because the Complaint fails to allege a particular payment outside of the one supposedly created by IRS Publication 1542, the Amended Complaint fails to state a claim for Count V, Breach of Contract.

**C.    Request for Judicial Notice**

Rapiscan asks the Court to consider materials, namely IRS Publications 1542 and 535, both of which are publically-available documents published by the Internal Revenue Service, in order to determine the nature of Mr. Pelkofer's reliance on the documents in forming his "*per diem*" theory. As one of these documents, IRS Publication 1542, is expressly relied upon in the Amended Complaint ([Filing No. 19, at ECF p. 5](#)), and the other is central in relation to his claim, (*see* [Filing No. 19, at ECF p. 5](#)) ("Defendant failed to pay Plaintiff the federal *per diem* rate for all *work related travel*." (emphasis added)), the Court will take notice of both.

## IV.  <u>CONCLUSION</u>

Because Mr. Pelkofer's Amended Complaint neither presents evidence of exhausting administrative remedies required by the Wage Claims Act, nor sufficiently alleges third-party

6

beneficiary status, Rapiscan's Motion to Dismiss ([Filing No. 45](#)) Pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**. Rapiscan's Request for Judicial Notice ([Filing No. 47](#)) is also **GRANTED**. Mr. Pelfoker's claim under the FLSA (Count II of the Amended Complaint) remains.

**SO ORDERED.**

Date: 07/23/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jan Thomas Vetne
JONES OBENCHAIN LLP
jtv@jonesobenchain.com

Michelle M. La Mar
LOEB & LOEB LLP
mlamar@loeb.com

Amy Ficklin DeBrota
THE DEBROTA LAW FIRM LLC
amy@debrotalaw.com